David J. McGlothlin, Esq. (SBN 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Ryan L. McBride, Esq. (SBN: 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone:     (800) 400-6808
Facsimile:   (800) 520-5523

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Michael Pandelakis,** | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| v. | |
| **Equifax Information Services, LLC** | **JURY TRIAL DEMANDED** |
| Defendant. | |

### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and

accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2.  MICHAEL PANDELAKIS ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EQUIFAX INFORMATION SERVICES, LLC ("Equifax" or "Defendant") with regard to erroneous reports of derogatory and negative credit information made by Defendant to national reporting agencies, and for failure of Defendant to properly investigate, and this conduct caused Plaintiff damages.

3.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.  While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5.  Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

6.  Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7.  Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Maricopa County, the State of Arizona and Defendant is subject to personal jurisdiction in the County of Maricopa, State of Arizona as they conduct business there, and the conduct giving rise to this action occurred in Arizona. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person residing in the County of Maricopa, State of Arizona. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Equifax is a national credit reporting agency, doing business in Arizona, with a principal place of business in Georgia.

## GENERAL ALLEGATIONS

13. At all times relevant, Plaintiff was an individual residing within the State of Arizona.

14. In Plaintiff's Equifax credit report the following inaccurate, derogatory information is being reported:

- US Bancorp Account No. 300058XXXX:   Balance $305, Status Charge-Off, with a 30, 90, 120, 150, and 180 day late in the 81 month payment history.

15. This account should not be reported on Plaintiff's credit report.

16. Additionally, Plaintiff has been in communication with U.S. Bank, which claims to have requested deletion of the tradeline from all three credit bureaus.

17. In response to U.S. Bank's deletion request, both the credit reporting agencies, Trans Union and Experian have deleted the account in question.

18. On or about May 1, 2017, Plaintiff disputed U.S. Bank's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Defendant Equifax, in writing, of the incorrect and inaccurate credit information in the U.S. Bank tradeline.

19. Defendant Equifax was required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

20. On or about June 13, 2017, Plaintiff received notification from Defendant Equifax that they received notice of Plaintiff's disputes pursuant to 15 U.SC. § 1681i(a)(6), and deleted the account in question.

21. Subsequently, Plaintiff applied for a loan and subsequently learned that the account was in fact not deleted, and remained on his credit report.

22. Defendant Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

23. Defendant Equifax failed to review all relevant information provided by Plaintiff in the dispute to U.S. Bank including Plaintiff's dispute letters, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

24. Due to Defendant Equifax's failure to investigate, it further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

25. Plaintiff's continued efforts to correct Defendant Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Defendant Equifax were fruitless.

26. Defendant Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

27. Defendant Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

28. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Defendant Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

29. Prior to Defendant reporting this derogatory information, Plaintiff had excellent credit.

30. Due to Defendant's actions, Plaintiff has been turned down on refinancing his primary residence. Also Plaintiff has been forced to refrain from any further attempts of securing a mortgage refinance. Therefore, each and every month, Plaintiff's damages are ongoing.

31. Further, being denied for a loan was an embarrassing and humiliating experience for Plaintiff causing mental anguish type damages.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

34. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

35. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 ET SEQ. (FCRA)**

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

1

- any other relief the Court may deem just and proper.

2

3

### TRIAL BY JURY

4

5  36. Pursuant to the seventh amendment to the Constitution of the United States

6       of America, Plaintiff is entitled to, and demands, a trial by jury.

7

8

Dated: September 7, 2017

9                                                      Respectfully submitted,

10

11                                             BY: /s/ DAVID MCGLOTHLIN_____
                                                    DAVID MCGLOTHLIN, ESQ.
12                                                  ATTORNEY FOR PLAINTIFF

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                    7